Lawrence Beylard, Respondent, v. Rebecca H. Pennock, as Executrix, etc., of James W. Pennock, Jr., Deceased, and Another, Appellants.

Fourth Department, May 28, 1935.

Jesse E. Kingsley, for the appellants.

Edward C. Ryan, for the respondent.

PER CURIAM. The facts alleged in the affidavits filed by plaintiff in support of this application would be amply sufficient to enable him to draw a complaint if supplemented by information as to the commissions, compensation or profit, if any, received by James W. Pennock, now deceased, and the defendant Clymer, upon the consummation of the alleged purchase or sale of the outstanding stock of Brown-Lipe Gear Company. It is fair to assume from the record before us that the defendant Clymer has knowledge of the amount of such commissions, compensation or profit and of the time when and the method by which it was paid to Pennock and himself. The fact that no application has been made by plaintiff to take the deposition of the defendant Clymer upon these subjects leads us to conclude he has not established that an examination of certain witnesses, who are not parties to the action, is necessary under rule 122 of the Rules of Civil Practice.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed and motion denied, without costs, and without prejudice to a renewal.